A. Clifford Edwards
Philip McGrady
EDWARDS, FRICKLE & CULVER
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, Montana 59104-0039
Telephone: (406) 256-8155

Attorneys for Plaintiffs

## MONTANA SEVENTH JUDICIAL DISTRICT COURT, RICHLAND COUNTY

| | |
|---|---|
| MICHAEL "MICK" DENOWH, PAUL J. DENOWH, and GARTNER-DENOWH ANGUS RANCH, <br><br> Plaintiffs, <br><br> vs. <br><br> XTO ENERGY, INC., <br><br> Defendant. | Cause No. DV 11-53 <br><br> Judge David Cybulski <br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, by and through their counsel of record, Edwards, Frickle & Culver, and for their First Amended Complaint against the above-named Defendant, complains and alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiffs Michael "Mick" Denowh and Paul J. Denowh were at all times relevant hereto, residents of Richland County, Montana; and the Gartner-Denowh Angus Ranch is a Montana corporation with its principal place of business in Sidney, Montana.

EXHIBIT A

2. The Defendant, XTO Energy, was at all times relevant hereto a corporation devoted to oil and gas development seeking to enter into surface damage agreements in Richland County, Montana.

3. The Plaintiffs own the surface rights to the real property in Richland County, Montana, at issue in this case, but not the oil and gas underlying the surface.

4. XTO Energy is attempting to develop, or assist in the development, of the oil and gas underlying the Plaintiffs' surface.

5. XTO Energy is obligated to pay the surface owner a sum of money or other compensation equal to the amount of damages sustained by the surface owner for loss of agricultural production and income, lost land value, and lost value of improvements caused by oil and gas operations.

6. The Plaintiffs and XTO Energy attempted to negotiate an agreement on surface damage and disruption payments. Due to XTO Energy's unreasonableness, the negotiations failed.

7. Despite the fact that the Plaintiffs and XTO Energy have not entered into an agreement for surface damage and disruption payments, XTO Energy has wrongfully entered onto the Plaintiffs' property and started damaging the Plaintiffs' surface without an agreement.

## COUNT ONE
### Surface Damages

Plaintiffs incorporate herein by reference the allegations in all previous paragraphs, and further allege as follows:

8. Mont. Code Ann. § 82-10-508 provides that "[i]f the person seeking compensation receives a written rejection, rejects the offer of the oil and gas developer or operator, or receives no reply, that person may bring an action for compensation in the district court of the county in which the damage was sustained."

9. XTO Energy has made unreasonable offers of surface damage and disruption payments to the Plaintiffs.

10. The Plaintiffs have rejected XTO Energy's unreasonable offers, and sought reasonable compensation.

11. Therefore, the Plaintiffs bring this action for a reasonable surface damage and disruption payment as provided for by Montana law.

## COUNT TWO
### Trespass

Plaintiffs incorporate herein by reference the allegations in all previous paragraphs, and further allege as follows:

12. XTO Energy is obligated to pay reasonable surface damages to the Plaintiffs.

13. To date, XTO Energy has refused to pay reasonable compensation to the Plaintiffs for the damage to the Plaintiffs' surface.

14. As a result, XTO Energy has no right to enter onto the Plaintiffs' surface until the surface damage payments are finalized.

15. Despite this fact, XTO Energy has entered onto the Plaintiffs' surface and is engaged in the production of oil and gas for a profit while refusing to pay reasonable compensation to the Plaintiffs.

16. XTO Energy is in trespass for intentionally and willfully entering onto the surface of the Plaintiffs and remaining on the Plaintiffs' surface without the right of doing so.

17. The Plaintiffs have been damaged by XTO Energy's trespass, and are entitled to all compensatory and punitive damages allowed by Montana law.

## COUNT THREE
### Unjust Enrichment

Plaintiffs incorporate herein by reference the allegations in all previous paragraphs, and further allege as follows:

18. XTO Energy deliberately, intentionally, and knowingly entered onto the Plaintiffs' surface without any right of doing so until the surface damages are agreed upon.

19. XTO Energy has commenced drilling operations and is producing oil and gas from beneath the Plaintiffs' surface. These operations benefit XTO Energy, and

contribute to the billions of dollars of revenues that XTO Energy is earning through its business operations.

20. XTO Energy's intentional and knowing decision to use the Plaintiffs' surface for its business operations is wrongful and done without the Plaintiffs' permission or authorization in violation of Montana law regarding trespass.

21. XTO Energy's unauthorized use of Plaintiffs' surface has benefitted XTO Energy monetarily to the Plaintiffs' detriment. The Plaintiffs are therefore entitled to damages as a result of XTO Energy's unjust enrichment.

## COUNT FOUR
### Wrongful Occupation

Plaintiffs incorporate herein by reference the allegations in all previous paragraphs, and further allege as follows:

22. XTO Energy's actions, as alleged above, constitute a wrongful occupation of the Plaintiffs' surface in violation of Mont. Code Ann. § 27-1-318 and Montana common law.

23. As a direct and proximate result of XTO Energy's continuing wrongful occupation, the Plaintiffs have suffered, and continue to suffer, damage to their private property. XTO Energy is liable for all such damage and detriment proximately caused by its wrongful occupation.

**WHEREFORE** the Plaintiffs pray judgment against the Defendant for all damages to which they are entitled to under Montana law, including punitive damages,

in such categories and in such amounts as will be furnished to the Defendant in accordance with applicable Montana law and/or Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury of all issues so triable in this action.

DATED this 13 day of December, 2011.

EDWARDS, FRICKLE & CULVER

By: *[signature]*
A. Clifford Edwards
Philip McGrady
Attorneys for the Plaintiffs