# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | | |
|---|---|---|
| MICHAEL "MICK" DENOWH, PAUL J. DENOWH and GARTNER-DENOWH ANGUS RANCH, | ) ) ) ) | CV-12-08-BLG-RFC |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) ) | **ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| XTO ENERGY, INC., | ) ) | |
| Defendant. | ) ) | |

Defendant XTO Energy, Inc. has filed a Motion for Summary Judgment on Counts Two, Three, and Four of Plaintiffs' First Amended Complaint. Specifically, Defendant seeks dismissal of Plaintiffs' tort claims in this surface damage case. Defendant concedes that Plaintiffs are entitled to reasonable compensation under the Montana Surface Owner Damage and Disruption Compensation Act (SODDCA), but argues that the trespass, unjust enrichment, and wrongful occupation claims are prohibited. Plaintiffs agree that Montana law allows the mineral owners to reasonably use the surface in mineral production, but asserts that additional tort damages are appropriate in this case because Defendant

-1-

used the surface without first paying reasonable surface damages and used the surface in an unreasonable manner in order to gain access to the mineral estate.

## DISPUTED BACKGROUND FACTS

Plaintiffs Michael "Mick" Denowh, Paul J. Denowh, and the Gartner-Denowh Angus Ranch owns the surface to real property located in Sidney, Montana, but not the oil and gas underlying the surface. Defendant XTO is engaged in the development of the oil and gas underlying the Denowhs' surface. Defendant concedes it is obligated to pay a reasonable and just amount to the surface owner. Plaintiffs and Defendant attempted to negotiate an agreement on surface damage and disruption payments, but negotiations failed.

Chad Denowh is employed by the Gartner-Denowh Angus Ranch and was involved with the negotiations with Defendant for surface damage payments and right-of-ways for roads and pipelines that were going across the surface of Denowhs' property. Chad Denowh asserts he requested yearly payments, but Defendant refused.

Despite the fact that the parties were unable to reach an agreement on surface damages, Defendant built roads and well sites on the Denowhs' property. Denowhs allege that XTO cut fences and ignored the Denowhs' request to timely

fix the fences. One of Denowhs' registered Angus cows was also apparently struck by a semi-truck crossing Denowhs' property, and XTO has not paid for the cow. Furthermore, XTO disregarded the Denowhs' requests regarding placement of the gas pipeline across their property.

XTO is believed to have built two large well pads with the intention of drilling at least six separate well bores. There is also speculation on the part of Plaintiffs that XTO, or its agents, are planning to build natural gas pipelines and roads leading to the well pads, which will cause further damage to Denowhs' property. The wells on Denowhs' property will likely be operating for years.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson, v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. Once the moving party has done so, the burden shifts to the opposing party to set forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Id.* The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249.

## ANALYSIS

Under Montana law, "mineral interest holders have a right to enter and reasonably use the surface as necessary to exercise their mineral rights." *Crow Tribe of Indians v. Peters*, 2011 WL 6337641, *7 ___ F.Supp.2d ___ (D.Mont. December 19, 2011) (citing *Pinnacle Gas Resources, Inc. v. Diamond Cross Prop., LLC*, 2009 MT 12, ¶ 29, 349 Mont. 17, 201 P.3d 160). This is because

"[t]he holders of the mineral estate have the dominant estate under Montana law." *Id*.

The issue in this case is whether the mineral interest holders "reasonably" used the surface as necessary to exercise their mineral rights. *See Crow Tribe of Indians v. Peters*, 2011 WL 6337641. Reasonableness is a question of fact for the jury and it really is a question of fact in this case as to whether or not Defendant's conduct here was reasonable. *See, e.g., White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).

XTO relies heavily on the case of *Burlington Res. Oil & Gas Co., LP v. Lang & Sons, Inc.*, 2011 MT 199, 361 Mont. 407, 259 P.3d 766, to support their argument that surface owners are not entitled to any damages that are not set forth in SODDCA. Contrary to XTO's argument, the Montana Supreme Court specifically refused to address the viability of the trespass claim in that case and stated: "[w]e need not consider the viability of any trespass or other common law claims potentially available to Lang as Lang has not explained its trespass claim or other common law claim on appeal." *Id.* at ¶ 33.

Moreover, Mont. Code Ann. § 82-10-511 supports Plaintiffs' contention: "[t]he remedies provided by this part do not preclude any person from seeking other remedies allowed by law."

## CONCLUSION

The jury must determine whether or not XTO is liable under Denowhs' tort claims. The Motion for Partial Summary Judgment [*doc. 14*] is **DENIED**.

DATED this 27th day of July, 2012.

>/s/ Richard F. Cebull_____
> RICHARD F. CEBULL
> U.S. DISTRICT COURT JUDGE